UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JONATHAN P. LYNCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:12-CV-39 PS |
| | ) | |
| KOHL'S DEPARTMENT STORE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

In February 2010, Jonathan Lynch visited Kohl's Department Store in Fort Wayne, Indiana, "to both leisure and browse Kohl's merchandise selection so that [he] could eventually return and exchange previously purchased merchandise . . ." [DE 1 at 3]. Lynch states that on February 19, 2010, he went through Kohl's "and selected items of clothes and placed them into a shopping cart to eventually try on" [DE 1 at 5]. He tried "cloths on and made [periodic] exchanges to nearby racks" [DE 1 at 6]. Lynch states that Kohl's security camera recognition system notified the Fort Wayne Police Department that he was "a possible shoplifter" [DE 1 at 8]. When Lynch left the store, Brian Pierce, a store security employee engaged in "loss prevention" [DE 1 at 8] "yelled toward Lynch to stop and started to run toward Lynch [who] not knowing whom this person was, or why this person was following Lynch, Lynch continued to his car with Pierce in pursuit" [DE 1 at 7]. The police arrived, found items from Kohl's in Lynch's car, and "Lynch was arrested for theft of that property located in that vehicle" [DE 1 at 8]. According to the Complaint, Pierce signed the probable cause affidavit as the representative of Kohl's, the victim of the alleged offense. [DE 1 at 8]. Lynch names both Kohl's and Brian Pierce as defendants in this case.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), I am required to *sua sponte* dismiss a complaint at any time after it is filed if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint for failure to state a claim upon which relief can be granted. To prevent abusive, captious or meritless litigation, federal courts are authorized to dismiss a claim filed *in forma pauperis* if the allegation of poverty is untrue or if the action or appeal is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from an immune defendant. 28 U.S.C. §1915(e)(2). If a plaintiff "pleads facts that show his suit is . . . without merit, he has pleaded himself out of court." *Tregenza v. Great American Comm's. Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied*, 511 U.S. 1085 (1994).

Lynch, who is currently confined at the Indiana State Prison, brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988).

To state a claim under § 1983, it is essential that the person who committed the alleged wrongful conduct was acting under color of state law. If the defendant did not act "under color of state law," the action must be dismissed. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). The phrase "acting under color of [state] law" is defined as "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of

state law . . ." *Evans v. United States*, 504 U.S. 255, 274 (1981) (citations omitted).

Kohl's Department Store is not a governmental entity, and Defendant Pierce is a private citizen employed by Kohl's. The Supreme Court has articulated three tests to determine whether a private party acted under color of state law: the public function test, the state compulsion test, and the joint action test. The public function test requires that the private party exercised powers which are traditionally exclusively reserved to the state. *West v. Atkins*, 487 U.S. 42, 49-50 (1988). The state compulsion test requires that the state exercised such coercive power over the private party, or provided such significant encouragement to the private party, that in law the choice of the private actor is deemed to be that of the state. *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). Finally, the joint action test requires that the private party is a willful participant in joint action with the state or its agent. *Dennis v. Spark*, 449 U.S. 24 (1980).

A store security employee who simply reports a possible theft to the police does not become a State actor under any of these tests. *Wilson v. McRae's, Inc.*, 413 F.3d 692, 693-94 (7th Cir. 2005); *United States v. Shahid*, 117 F.3d 322, 326-27 (7th Cir. 1997) (mall security officers were not state actors for Fourth Amendment purposes when they held a suspected shoplifter until police arrived). In the absence of any allegations that Pierce and the police were somehow in cahoots with one another and cooked up a bogus charge for which he was later arrested, there can be no viable § 1983 claim. Because Kohl's Department Store is a private entity and Defendant Pierce did not act under color of state law, Lynch may not bring a § 1983 claim against them.

For the foregoing reasons, the court DISMISSES this complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

**SO ORDERED**.

ENTERED: April 12, 2012

                                                                           <u>s/ Philip P. Simon          </u>
                                                                           PHILIP P. SIMON, JUDGE
                                                                           UNITED STATES DISTRICT COURT