UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JONATHAN P. LYNCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:12-CV-39 PS |
| | ) | |
| KOHL'S DEPARTMENT STORE, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Plaintiff Jonathan Lynch, a prisoner confined at the Indiana State Prison, filed a civil complaint suing Kohl's Department Store and Kohl's employee Brian Pierce. In his complaint, Lynch complained about being arrested by police officers after he left Kohl's Department Store in Fort Wayne, Indiana, and was found to have un-purchased items from Kohl's Department Store in his car. I dismissed the complaint pursuant to 28 U.S.C. § 1915A because the Defendants were not state actors and may not be sued under 42 U.S.C. § 1983. The Plaintiff has now filed a motion to correct error, asserting that he can sue these Defendants pursuant to 28 U.S.C. §§ 1343, 1357, 2465, and 2680.

A motion to reconsider is a request that a court "reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004). The "limited function" of motions to reconsider is "to correct manifest errors of law or fact or to present newly discovered evidence." *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982). Reconsideration is appropriate when the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*,

906 F.2d 1185, 1191 (7th Cir. 1990). "A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court." *Id*.

The Plaintiff asserts that he can sue the Defendants under 28 U.S.C. §§ 1343. Section 28 U.S.C. § 1343 provides that:

> a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
>
> (1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;
>
> (2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;
>
> (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;
>
> (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

Lynch does not assert a § 1985 conspiracy in his complaint, as required in § 1343(1) and (2). Section 1343(3) requires that the alleged deprivation of rights be conducted "under color of any State law, statute, ordinance, regulation, custom or usage." This provision requires that the defendants have acted under color of state law, and this Court has already determined that these Defendants did not act under color of state law. Finally, Lynch does not allege that the Defendants denied him the right to vote or deprive him of other civil rights specified by an act of congress. Accordingly, he may not sue these Defendants relying on § 1343.

The Plaintiff also asserts that he can sue the defendants under 28 U.S.C. § 1357. Section 1357 provides that:

> The district courts shall have original jurisdiction of any civil action commenced by any person to recover damages for any injury to his person or property on account of any act done by him, under any Act of Congress, for the protection or collection of any of the revenues, or to enforce the right of citizens of the United States to vote in any State.

As already noted, the Plaintiff does not allege that Kohl's Department Store and its employee, Brian Pierce, deprived him of the right to vote. Neither does he allege that they injured him or his property because of actions he took to "protect or collect" federal revenue or to enforce the right of citizens to vote. Accordingly, Lynch may not sue these Defendants relying on § 1357.

The Plaintiff asserts that he can sue the Defendants under 28 U.S.C. § 2465. Section 2465 provides in pertinent part that:

> (a) Upon the entry of a judgment for the claimant in any proceeding to condemn or forfeit property seized or arrested under any provision of Federal law–
>
> (1) such property shall be returned forthwith to the claimant or his agent; and
>
> (2) if it appears that there was reasonable cause for the seizure or arrest, the court shall cause a proper certificate thereof to be entered and, in such case, neither the person who made the seizure or arrest nor the prosecutor shall be liable to suit or judgment on account of such suit or prosecution, nor shall the claimant be entitled to costs, except as provided in subsection (b).
>
> (b)(1) Except as provided in paragraph (2), in any civil proceeding to forfeit property under any provision of Federal law in which the claimant substantially prevails, the United States shall be liable for--

The Plaintiff's complaint does not suggest that Lynch is a claimant who has received a favorable judgment in any proceeding to condemn property or to forfeit property seized, or that he was arrested under any provision of Federal law. Accordingly, he has no rights protected by

3

this statute, and may not sue these Defendants relying on § 2465.

Finally, the Plaintiff asserts that he can sue the Defendants under 28 U.S.C. § 2680, which provides for exceptions to the tort claims procedures set forth in 28 U.S.C. §§ 2671-2679. But since none of the provisions of the Federal tort claims procedure set forth in §§ 2671-2679 apply to the facts of this case, Lynch may not sue these Defendants relying on § 2680.

For the foregoing reasons, the Court **DENIES** the relief requested in the Plaintiff's motion to correct error [DE 10].

**SO ORDERED**.

ENTERED: May 16, 2012

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
