UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JONATHAN P. LYNCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:12-CV-39 PS |
| ) | |
| KOHL'S DEPARTMENT STORE, *et al.,* ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Plaintiff Jonathan Lynch, a prisoner confined at the Indiana State Prison, filed a civil complaint suing Kohl's Department Store and Kohl's employee Brian Pierce [DE 1]. In his complaint, Lynch alleged that he was arrested by police officers after he left the Kohl's Department Store in Fort Wayne, Indiana and items from the store were found in his car [*Id.*]. I dismissed the complaint pursuant to 28 U.S.C. § 1915A because the Defendants were not state actors and may not be sued under 42 U.S.C. § 1983 [DE 8].

The Plaintiff filed a motion to correct error, asserting that he can sue these Defendants pursuant to 28 U.S.C. §§ 1343, 1357, 2465, and 2680 [DE 10]. I denied that motion because none of those statutes provide a basis for a cause of action for Lynch to proceed against Kohl's Department Store or Brian Pierce [DE 11].

The Plaintiff has now submitted a motion for leave to amend his complaint in which he argues that federal courts must view complaints filed *pro se* more leniently than those filed by a licensed attorney [DE 13]. He further argues that "provided a defect can be cured, then, the court should allow the litigant to do so . . ." [DE 13 at 3]. Lynch also submitted a proposed supplemental complaint [DE 14], which reads in its entirety as follows:

Plaintiff, Jonathan P. Lynch, pro se, and notify the Court to his supplemental complaint, specifically:

Jurisdiction:
The United States District Court has full jurisdiction with claims raised herein as said claims are or have arised (sic) under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

Plaintiff, Jonathan P. Lynch, pro se, and the foregoing jurisdiction to his operative complaint filed with the court.

Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint should be "freely given when justice so requires." It is appropriate, however, to deny leave to amend where the proposed amendment would be futile. *Arazie v. Mullane*, 2 F.3d 1456, 1464 (7th Cir. 1993); *Moore v. Indiana*, 999 F. 2d 1125, 1128 (7th Cir. 1993).

Lynch's supplemental complaint asserts that his claims against the Defendants arise under the Constitution, laws, or treaties of the United States. But he does not state which statutes, constitutional provisions, or treaties form the basis for his claims. His original complaint did assert specific constitutional provisions and statutes upon which he based jurisdiction, but I have already concluded that he may not proceed against these defendants based on any of those theories. Because Lynch has not established that his complaint has a defect that he can cure, granting his motion for leave to amend his complaint would be futile.

For the foregoing reasons, the Plaintiff's Motion to Amend Complaint or to Reconsider [DE 13] is **DENIED**.

**SO ORDERED**.

ENTERED: June 15, 2012

s/Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT