UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JONATHAN P. LYNCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:12-CV-39 PS |
| ) | |
| KOHL'S DEPARTMENT STORE, *et al.,* ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

Plaintiff Jonathan Lynch, a prisoner confined at the Indiana State Prison, filed a civil complaint suing Kohl's Department Store and Kohl's employee Brian Pierce [DE 1]. In his complaint, Lynch complained about being arrested by police officers after he left Kohl's Department Store in Fort Wayne, Indiana, and was found to have un-purchased items from Kohl's Department Store in his car [*Id.*]. I dismissed the complaint pursuant to 28 U.S.C. § 1915A because the Defendants were not state actors and may not be sued under 42 U.S.C. § 1983 [DE 8].

The Plaintiff filed a motion to correct error [DE 10], asserting that he can sue these Defendants pursuant to 28 U.S.C. §§ 1343, 1357, 2465, and 2680. I denied that motion because none of those statutes provide a basis for a cause of action for Lynch to proceed against Kohl's Department Store or Brian Pierce [DE 11].

The Plaintiff then submitted a motion for leave to amend his complaint or to reconsider, in which he argued that federal courts must view complaints filed *pro se* leniently, and asserted that "provided a defect can be cured, then, the court should allow the litigant to do so." [DE 13 at 3]. In denying Lynch's motion, I noted that Federal Rule of Civil Procedure 15(a) provides that

leave to amend a complaint should be "freely given when justice so requires," but that it is appropriate to deny leave to amend where the proposed amendment would be futile. *Arazie v. Mullane*, 2 F. 3d 1456, 1464 (7th Cir. 1993); *Moore v. Indiana*, 999 F. 2d 1125, 1128 (7th Cir. 1993) [DE 15 at 2]. I denied Lynch's motion for leave to amend because he did not establish that his complaint has a defect that he could cure, so granting his motion for leave to amend his complaint would have been futile [*Id.*].

Lynch has now filed a second motion to correct error, asserting that I erred in denying his motion for leave to amend and that I "should allow the necessary amendment to jurisdiction to cure said defect, as justice so requires" [DE 16 at 7]. In support of his second motion to correct error, Lynch recycles the arguments he presented in his first motion to correct error [DE 10] and in his motion for leave to amend his complaint or to reconsider [DE 13]. But none of his arguments establish that he states a meritorious Constitutional or Federal law claim against Kohl's Department Store or Brian Pierce. Accordingly, there is no basis upon which to reconsider the dismissal of his complaint or to allow him to amend his complaint and proceed against these defendants.

For the foregoing reasons, the Plaintiff's Second Motion to Correct Error [DE 16] is **DENIED**.

**SO ORDERED**.

ENTERED: July 25, 2012

                                                s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT